UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY PLANT,<br><br>              Plaintiff,<br><br>     v.<br><br>CMS, SERGEANT SMITH, KIM SPAULDING, DR. APRIL DAWSON, and Dr. GARTH GULICK<br><br>              Defendants. | Case No. 1:11-cv-00316-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Kim Spaulding (Dkt. 42), Plaintiff's Verified Motion for Telephonic Hearing With Notice (Dkt. 43), Plaintiff's Motion for Appointment of Counsel (Dkt. 45), Plaintiff's Motion to Amend and Supplement (Dkt. 50), Plaintiff's Motion to Compel and Request for Telephonic Hearing (Dkt. 53), Defendant Dr. April Dawson's Motion for Summary Judgment (Dkt. 58), Plaintiff's Motion to Deny Motion for Summary Judgement (Dkt. 61), Plaintiff's Motion to Object, Strike and Impeach the Affidavit of Dr. David Agler (Dkt. 64) and Defendant Dr. April Dawson's Motion to Strike Plaintiff's Supplemental Response (Dkt. 67).

The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument. In the interest of avoiding delay, the Court will decide these matters on

**MEMORANDUM DECISION AND ORDER - 1**

the written motions, briefs, and record without oral argument.  D. Idaho L. Civ. R. 7.1.

For the reasons that follow, the Court will deny all pending motions, except for Dr. April Dawson's Motion for Summary Judgment.  Dr. Dawson will be dismissed from this case with prejudice.

## BACKGROUND

Plaintiff Rodney Plant ("Plaintiff") is an inmate in the custody of the Idaho Department of Corrections.  He is currently housed at the Idaho Correctional Center ("ICC").  Between April 2004 and September 2005 and between October 2007 and November 2008, Plaintiff was housed at the Idaho Maximum Security Institution ("ISMI") (Dkt. 58-8, Affidavit of Dr. April Dawson in Support of Dr. April Dawson's Motion for Summary Judgment ("Dawson Aff."), Ex. A.)  At all times relevant to Plaintiff Second Amended Complaint, Plaintiff was housed at ISMI.

Plaintiff damaged the foot of his prosthetic left leg playing handball in late March 2008.  (Dkt. 58-5, Deposition of Rodney Plant ("Plant Depo."), 31:6-7.)  He filed several concern forms with "medical" seeking a cane and repair of his prosthetic.  (Dkt. 58-4, IDOC Offender Concern Forms dated 3/30/08, 4/06/08, 4/13/08.)  A cane was provided approximately three to four weeks later.  (*Id*., IDOC Offender Concern Form dated 5/12/08.)  Plaintiff claims it took "three-and-a-half-months" for his prosthetic to be replaced.  (Dkt. 58-5, Plant Depo., 38:4-14.)

On August 7, 2012, Plaintiff filed a Second Amended Complaint alleging deliberate indifference against Corizon, CCA, Kim Spaulding, Dr. April Dawson and Dr.

**MEMORANDUM DECISION AND ORDER - 2**

David Agler for failing to timely replace his prosthetic leg, and for failing to provide him with a cane, crutch or wheelchair while his prosthetic leg was being replaced.  (Dkt. 16.) Plaintiff claims he had to hobble on his broken prosthetic leg during this time period, resulting in permanent damage to his other leg and foot.  (*Id*. at ¶ 13.)  On September 7, 2012, the Court reviewed the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, and entered an Order permitting Plaintiff to proceed on his Eighth Amendment claim against Defendants Kim Spaulding, Dr. Dawson and Dr. Agler.  (Dkt. 17.)  Dr. Agler has since been dismissed from the suit.  (Dkt. 68.)

The following motions were subsequently filed by the parties.

## MOTION TO COMPEL KIM SPAULDING

### 1.    Standard

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," but discovery requests must be reasonable. The term "relevant" includes information that is "reasonably calculated to lead to the discovery of admissible evidence" and that "need not be admissible at the trial." Fed. R. Civ. P. 26(b)(1).  However, district courts have broad discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure, which is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

If the answering party fails to adequately respond to discovery, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure

**MEMORANDUM DECISION AND ORDER - 3**

37(a). A court should deny a motion to compel if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir.1992), *cert. denied*, 508 U.S. 908 (1993). In addition, a court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(d)(1).

## 2.      Discussion

In the present matter, Plaintiff requests that Defendant be ordered to "answer discovery objections with something besides as objection." (Dkt. 42, p. 1.)  In addition, Plaintiff seeks to compel Defendant Spaulding and her counsel to produce "all notes, copies of concern forms, and grievances, and all information regarding opointments [sic], whith [sic] Idaho Orthotics [sic] and Prosthetics, and answer all questions regarding such . . . ." (Dkt. 42, p. 2.)  However, as Defendant notes, Plaintiff fails to identify the specific answers which Plaintiff finds objectionable.

The Court will deny the motion and instruct Plaintiff that if he cannot settle discovery matters with opposing counsel in the future, he needs to set forth in his briefing the following: 1) the specific discovery request at issue (interrogatory, request for production and/or request for admission), (2) Defendant's specific objection and/or response to that discovery request, and (3) Plaintiff's argument under the Federal Rules of Civil Procedure as to why Defendant's response is insufficient.

The Court will, however, remind Defendant of her duty to supplement her disclosures and responses.  Fed.R.Civ.P. 26(e).  Copies of "concern forms and grievance

**MEMORANDUM DECISION AND ORDER - 4**

forms" are certainly documents which, if not already provided by Defendant, should be supplemented by Defendant as a grievance coordinator in a lawsuit under the Eighth Amendment.

## VERIFIED MOTION FOR TELEPHONIC HEARING

Plaintiff requests a telephonic hearing in regards to his Motion to Compel Kim Spaulding. (Dkt. 43.)  However, the Court concludes that a hearing at this time is unnecessary.  In the interest of avoiding delay, the Court will decide this matter on the written motions, briefs, and record without oral argument.  D. Idaho L. Civ. R. 7.1. Accordingly, the Court will deny the motion.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel.  (Dkt. 45.)  Unlike criminal defendants, prisoners in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel is within the court's discretion, and counsel should be appointed only in "extraordinary cases."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff's Motion makes no argument regarding his likelihood of prevailing on the merits.  Furthermore, the Court concludes that Plaintiff has demonstrated the ability to

**MEMORANDUM DECISION AND ORDER - 5**

represent himself and that no compelling reason exists to find volunteer counsel to assist him.  Accordingly, Plaintiff's motion will be denied.  If it later appears that Plaintiff's claims appear to have potential merit and the case is sufficiently complex to call for the assistance of counsel, the Court may reconsider its decision at that time.

## MOTION TO COMPEL AND REQUEST FOR TELEPHONIC HEARING

Plaintiff's Motion (Dkt. 53) seeks the same relief requested in his previous motions (Dkts. 42 and 43).  The Court will deny this Motion on the same grounds discussed above.

## DR. APRIL DAWSON'S MOTION FOR SUMMARY JUDGMENT

Defendant Dr. April Dawson has been a physician at the Idaho Maximum Security Institution ("ISMI") since August 2005.  (Dkt. 58-7, Dawson Aff., ¶ 4.)  In addition, from August 2005 to April 2009, she was the Idaho Regional Medical Director for Corizon, Inc.  (*Id*.)  While Plaintiff was housed at ISMI in 2008, Defendant met with Plaintiff on several occasions regarding the repair and replacement of his prosthetic left leg and the alleged pain in his right foot.  (*Id*. at ¶ 10.) Plaintiff alleges in his Second Amended Complaint that Defendant Dawson failed to timely replace his prosthetic leg and failed to provide him a cane, crutch or wheelchair while the prosthetic leg was being replaced. (Dkt. 16.)  He contends that Defendant's deliberate indifference to his medical needs violated his Eighth Amendment right against cruel and unusual punishment.  (*Id*.)

In her Motion for Summary Judgment, Dr. Dawson counters that the replacement of Plaintiff's prosthetic leg was not a serious medical need; Plaintiff received medically

**MEMORANDUM DECISION AND ORDER - 6**

appropriate care and treatment from Dr. Dawson; and, even if Plaintiff did not receive medically appropriate care and treatment from Dr. Dawson, there is no evidence to indicate Plaintiff suffered harm as a result of the alleged indifference or that Dr. Dawson had the requisite state of mind to support a deliberate indifference claim against her. (Dkt. 58-2.)  The Court concludes that there are no genuine issues of material fact and that Dr. Dawson is entitled to judgment as a matter of law.

**1.      Summary Judgment Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id*. at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  The requirement is that there be no *genuine* dispute as to any *material* fact.  Material facts are those "that might affect the outcome of the suit."  *Id.* at 248.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

**MEMORANDUM DECISION AND ORDER - 7**

*Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed.  To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(A) & (B).  The Court must consider "the cited materials," but it may also consider "other materials in the record."  Fed. R. Civ. P. 56(c)(3).

If the moving party meets its initial responsibility, then the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Liberty Lobby*, 477 U.S. at 252.

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed.  Fed. R. Civ. P. 56(e)(2).  The Court may grant summary judgment for the moving party "if the motion

**MEMORANDUM DECISION AND ORDER - 8**

and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2.    Deliberate Indifference

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain.'"  *Id*. at 1059 (citing *Estelle*, 429 U.S. at

104).  Second, the plaintiff must show the defendant's response to the need was

deliberately indifferent.  *Id.* at 1060.  The second prong - defendant's response to the need

was deliberately indifferent- is satisfied by showing (a) a purposeful act or failure to

respond to a prisoner's pain or possible medical need and (b) harm caused by the

indifference.  *Id.*  Indifference "may appear when prison officials deny, delay or

intentionally interfere with medical treatment, or it may be shown by the way in which

prison physicians provide medical care."  *Id.* at 1059.

Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone

does not state a claim under § 1983.  *Id.* (citing *Estelle*, 429 U.S. at 105).  In addition,

differences in judgment between an inmate and prison medical personnel regarding

appropriate medical diagnosis and treatment are not enough to establish a deliberate

indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  If the

defendants are able to show that medical personnel have been "consistently responsive to

[the inmate's] medical needs, and there has been no showing that the medical personnel

had "subjective knowledge and conscious disregard of a substantial risk of serious

injury," a plaintiff's claims may be dismissed by summary judgment prior to trial.

*Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

3.    **Discussion**

A.    ***Serious Medical Need***

Because society does not expect that prisoners will have unqualified access to

health care, deliberate indifference to medical needs amounts to an Eighth Amendment

**MEMORANDUM DECISION AND ORDER - 10**

violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Defendant argues that replacement of Plaintiff's prosthetic leg is not a serious medical need. (Dkt. 58-2, pp. 6-9.) To support this argument, Defendant relies on her own medical opinion and that of Dr. David Agler. (*See* Dawson Aff., ¶ 32; and Affidavit of Dr. David Agler in Support of Dr. April Dawson's Motion for Summary Judgment ("Agler Aff."), ¶ 11.) It is Dr. Dawson and Dr. Agler's medical opinions that it would be medically appropriate and reasonable for Plaintiff to use a cane, crutches, and/or a wheelchair rather than a prosthetic. (Dawson Aff., ¶ 32 and Agler Aff. ¶ 12.) Defendant argues that Plaintiff's preference to use a prosthetic rather than a cane, crutches and/or wheelchair does not amount to a deprivation of Defendant's constitutional rights. (Dkt. 58-2, p. 7.) Thus, the fact that it took Plaintiff three-and-a-half months to receive his replacement prosthetic, Defendant argues, is irrelevant. (*Id*.)

While the Court is inclined to agree with Defendant's analysis, Plaintiff's Statement of Disputed Facts in Opposition of Dr. April Dawson's Motion for Summary Judgment and his Second Amended Complaint indicate that he is not merely alleging that Defendant did not provide him with a replacement prosthetic leg in a reasonable time, but that Defendant also failed to provide him with a crutch, cane or wheel chair. (Dkt. 63, ¶¶ 7-9; Dkt. 16, ¶ 13.) Given that Dr. Dawson and Dr. Agler have opined that it would be medically appropriate and reasonable for Plaintiff to use a crutch, cane or wheel chair, the Court concludes that there is sufficient evidence to indicate a "serious medical need" exists. While a prosthetic leg itself may not be a medical necessity, Plaintiff has

**MEMORANDUM DECISION AND ORDER - 11**

established the need for some sort of assistance, whether it be a prosthetic, crutch, cane or wheelchair.

**B.**     *Dr. Dawson's Response*

Once a prisoner has established his medical needs, he must show a purposeful act or failure to act on the part of the defendant.  However, as set forth above, the deliberate indifference doctrine is limited in scope.  "[T]he indifference to [a prisoner's] medical needs must be substantial.  Mere 'indifference,' 'negligence,' or medical malpractice' will not support this [claim]."  *Lemire v. California Dept. Of Corrections and Rehabilitation*, 2013 WL4007558, at *15 (9th Cir. 2013).  A defendant must purposefully ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established.

The Court will grant Defendant summary judgment.  Plaintiff has demonstrated the serious medical need for a prosthetic, crutch, cane or wheelchair, but has failed to show that Defendant purposefully ignored or failed to respond to that need.  Instead, the record evidences that Plaintiff's medical need was satisfied before Defendant was ever made aware of the situation.  Defendant Dawson was first informed that Plaintiff damaged the foot of his left prosthetic leg on April, 29, 2008, when she saw Plaintiff for a scheduled appointment regarding his "sprained" big toe on his right foot.  (Dkt. 58-7, Dawson Aff., ¶ 14; Dkt. 58-4, Affidavit of John J. Burke in Support of Dr. April Dawson's Motion for Summary Judgment ("Counsel Aff."), Ex. A, Concern Form dated April 27, 2008.)  Prior to the meeting on April 29, 2008, Plaintiff had already received a cane from prison

security at IMSI.  (Dkt. 58-7, Dawson Aff., ¶ 25; Dkt. 58-4, Counsel Aff., Ex. A, Concern

Form dated May 12, 2008; Dkt. 58-5, Counsel Aff., Ex B., 41:16 - 43:14.)  Therefore,

since Defendant did not know of Plaintiff's serious medical need he could not

purposefully ignore or fail to respond to the need.

    While Plaintiff infers that Defendant should have known and acted earlier on his

need for a cane, (Dkt. 66, p. 6.), Plaintiff is essentially arguing supervisor liability and has

failed to set forth any evidence in support of that theory.  A defendant may be held liable

as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in

the constitutional deprivation, or (2) a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation."  *Starr v. Baca*, 652 F.3d

1202, 1207 (9th Cir. 2011).  Plaintiff has not alleged that Defendant was personally

involved in any delay in providing Plaintiff the cane, nor that any wrongful conduct by

Plaintiff led to a delay in providing Plaintiff a cane.

    Even if the Court concluded that only replacement of the Plaintiff's prosthetic leg

would satisfy Plaintiff's medical need, Plaintiff has not demonstrated that Defendant was

deliberately indifferent.  A review of the record indicates that Defendant responded to

each Concern Form directed to her by Plaintiff by scheduling medical appointments,

talking with the outside prosthetic provider, updating Plaintiff on the progress of his

prosthetic replacement, scheduling multiple x-rays of Plaintiff's foot/toe and conducting

an analysis of Plaintiff's blood in order to determine if Plaintiff had gout or some other

issue.  Plaintiff's disagreement with Defendant regarding his treatment does not constitute

**MEMORANDUM DECISION AND ORDER - 13**

an Eighth Amendment violation.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, Defendant Dawson is entitled to summary judgment and dismissal.

### MOTION TO DENY MOTION FOR SUMMARY JUDGMENT

This Motion (Dkt. 61) will be denied based on the Court's decisions under the

Motion to Compel (Dkt. 42), the Motion for Appointment of Counsel (Dkt. 45) and the

Motion for Summary Judgment (Dkt. 58).

### MOTION TO AMEND AND SUPPLEMENT

**1.      Standard of Law**

Federal Rule of Civil Procedure 15 governs the amendment of civil pleadings

before trial.  Pursuant to Rule 15(a)(1), a party may amend a pleading once "as a matter of

course" within either (A) 21 days after serving the pleading; or, (B) if the amended

pleading requires a responsive pleading to be filed thereafter, within the earlier of 21 days

after service of a responsive pleading or a Rule 12(b), (e), or (f) motion.  Any other

amended pleadings cannot be filed absent written consent of the opposing party or leave

of court; however "[t]he Court should freely give leave when justice so requires."  Fed. R.

Civ. P. 15(a)(2).

The Ninth Circuit has explained the reasoning behind allowing the opportunity to

amend:

> In exercising its discretion with regard to the
> amendment of pleadings, a court must be guided by the
> underlying purpose of Rule 15—to facilitate decision on the

**MEMORANDUM DECISION AND ORDER - 14**

> merits rather than on the pleadings or technicalities. This
> court has noted on several occasions that the Supreme Court
> has instructed the lower federal courts to heed carefully the
> command of Rule 15(a) . . . by freely granting leave to amend
> when justice so requires. Thus Rule 15's policy of favoring
> amendments to pleadings should be applied with extreme
> liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation

marks, and alterations omitted). "In the absence of any apparent or declared reason—such

as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.," it is

appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182

(1962).

This liberal amendment policy is even more important with respect to pro se

plaintiffs, who generally lack legal training.  Courts must liberally construe civil rights

actions filed by pro se litigants so as not to close the courthouse doors to those truly in

need of relief. *Eldridge*, 832 F.2d at 1135, 1137.  A pro se litigant bringing a civil rights

suit must have an opportunity to amend the complaint to overcome deficiencies unless it

is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36.

## 2.    Discussion

Plaintiff seeks to amend his Second Amended Complaint to add an Eighth

Amendment claim against Corizon, Inc., formerly known as Correctional Medical

Services, Inc. ("Corizon").  (Dkt. 50.)  Specifically, Plaintiff seeks to add the claim that

**MEMORANDUM DECISION AND ORDER - 15**

Corizon employs a "purchase order" system, which kept him from seeing an outside provider in a "prompt time frame" to repair or replace the foot of his prosthetic leg.  (*Id.* at 3-4; Dkt. 50-1, p.1.)  However, as discussed in the Court's decision on the Motion for Summary Judgment, repairing or replacing Plaintiff's prosthetic leg, in and of itself, is not a "serious medical need" under the Eighth Amendment.  Plaintiff's need may be satisfied by a crutch, cane or wheelchair.  (Dkt. 58-7, Dawson Aff., ¶ 32 and Dkt. 58-9, Agler Aff. ¶ 12.)  Here, Plaintiff was provided a cane during the time he waited for his prosthetic to be repaired.  (Dkt. 58-7, Dawson Aff., 25; Dkt. 58-4, Counsel Aff., Ex. A, Concern Form dated May 12, 2008; and Dkt. 58-5, Plant Depo., 41:16 - 43:14.)  Therefore, it is irrelevant whether Corizon's alleged "purchase order" system caused a three to four month delay in fixing the prosthetic.  Because it would be futile to add this claim against Corizon, the Court will deny the Motion to Amend.

## MOTION TO OBJECT, STRIKE AND IMPEACH THE AFFIDAVIT OF DR. DAVID AGLER

Defendant's Motion to Object, Strike and Impeach the Affidavit of Dr. David Agler (Dkt. 64) is based on the following grounds: (1) "Dr. David Agler's late settlement of record in this matter"; (2) Dr. Agler's current treatment of Plaintiff contradicts his affidavit; and (3) Dr. Agler has allowed "himself to be co-erced by Dr. Dawsons [sic] counsel John J. Burke."  Plaintiff's arguments are unpersuasive.

The Court will deny the Motion.  The fact that Dr. Agler was once a defendant in this action does not prevent him from setting forth his medical opinions as a medical

**MEMORANDUM DECISION AND ORDER - 16**

doctor who has personal knowledge of Plaintiff's medical history and current medical condition.  (Dkt. 58.)  In addition, simply because Plaintiff takes medication and utilizes orthotic shoes is not objective medical evidence that Plaintiff has suffered permanent damage to the big toe on his right foot in contradiction of Dr. Agler's affidavit.  Finally, Plaintiff's claims regarding coercion by Dr. Dawson's counsel are completely unsupported.

## MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RESPONSE

Defendant Dawson argues that Plaintiff's Supplemental Response To Dr. Dawson's Motion for Summary Judgment (Dkt. 66) should be stricken, because it violates the Court's June 24, 2013 Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Dkt. 59) and Dist. Idaho Loc. Civ. R. 7.1.  While Plaintiff should have sought leave of the Court prior to filing the supplemental response, the Court will grant leave in this particular instance.  Defendant's Motion is denied.

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Motion to Compel Kim Spaulding (Dkt. 42) is DENIED.

2.    Plaintiff's Verified Motion for Telephonic Hearing with Notice (Dkt. 43) is DENIED.

3.   Plaintiff's Motion for Appointment of Counsel (Dkt. 45) is DENIED.

4.   Plaintiff's Motion to Compel and Request for Telephonic Hearing (Dkt. 53)

is DENIED.

5.    Defendant Dr. April Dawson's Motion for Summary Judgment (Dkt. 58) is GRANTED.  Defendant Dr. April Dawson is DISMISSED from this action with prejudice.

6.    Plaintiff's Motion to Deny Motion for Summary Judgment (Dkt. 61) is DENIED.

7.    Plaintiff's Motion to Amend and Supplement (Dkt. 50) is DENIED.

8.    Plaintiff's Motion to Object, Strike and Impeach the Affidavit of Dr. David Agler (Dkt. 64) is DENIED.

9.    Defendant Dr. April Dawson's Motion to Strike Plaintiff's Supplemental Response (Dkt. 67) is DENIED.

DATED:  **September 18, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 18**